**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH DAKOTA**
**SOUTHERN DIVISION**

| | |
|---|---|
| League of Women Voters of South Dakota, League of Women Voters of the United States, Susan Randall, and Kathryn Fahey,<br><br>Plaintiffs,<br><br>v.<br><br>South Dakota Governor Kristi L. Noem, in her official capacity, South Dakota Attorney General Mark Vargo, in his official capacity, and South Dakota Secretary of State Steve Barnett, in his official capacity,<br><br>Defendants. | Case No. 4:22-cv-04085 |

**PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES AND IN THE ALTERNATIVE, MOTION FOR JUDGMENT ON THE PLEADINGS AS TO AFFIRMATIVE DEFENSES**

League of Women Voters of South Dakota, League of Women Voters of the United States, Susan Randall, and Kathryn Fahey (collectively, "Plaintiffs"), move pursuant to Fed. R. Civ. P. 12(f) to strike in their entirety the affirmative defenses asserted by Governor Kristi L. Noem, in her official capacity as Governor of South Dakota, Attorney General Mark Vargo, in his official capacity as Attorney General of South Dakota, and Secretary of State Steve Barnett, in his official capacity as Secretary of State of South Dakota (collectively, "Defendants"). In the alternative, Plaintiffs move pursuant to Fed. R. Civ. P. 12(c) for judgment on the pleadings as to the affirmative defenses. In conjunction with their memorandum in support, Plaintiffs state as follows:

1. On June 28, 2022, Plaintiffs brought the instant suit to declare South Dakota 2020 Senate Bill 180 ("SB180") unconstitutional and enjoin its enforcement.

1

2. On August 18, 2022, Defendants filed an answer and asserted five affirmative defenses, none of which are supported by factual allegations and all of which are insufficient as a matter of law and should be stricken.

3. Rule 12(f) of the Federal Rules of Civil Procedure permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The defendant bears the burden of proving an affirmative defense. *E.E.O.C. v. Wal-Mart Stores, Inc.*, 477 F.3d 561, 572 (8th Cir. 2007).

4. Rule 12(c) of the Federal Rules of Civil Procedure permits parties to move for judgment on the pleadings when "there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law." *Ashley Cty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009).

5. All five of Defendants' affirmative defenses are improper and should be stricken. This Court should strike Defendants' first affirmative defense as a matter of law because courts in this circuit hold that standing is not an affirmative defense under Fed. R. Civ, P. 12(f).

Further, Plaintiffs plausibly allege that both the League of Women Voters of South Dakota and the League of Women Voters of the United States have associational standing to sue on behalf of their members. The second affirmative defense should be stricken because the case is ripe for adjudication. Plaintiffs' Complaint affirmatively alleges that SB180 directly violates Plaintiffs' right to participate in democracy and provides specific examples of how the statute has infringed Plaintiffs' Constitutional rights under both the United States and South Dakota Constitutions. Defendants' affirmative defenses three through five, all of which are premised on various types of

immunity, also suffer from fatal deficiencies. The South Dakota Constitution and statutory scheme do not shield the SB180 from this Court's scrutiny or South Dakota officials from this Court's orders.

6. Alternatively, judgment should be entered in favor of Plaintiffs on Defendants' affirmative defenses because none of the affirmative defenses can be sustained as a matter of law.

7. Accordingly, this Court should strike Defendants' affirmative defenses in their entirety. In the alternative, Plaintiffs move for an order granting Plaintiffs' motion for judgment on the pleadings with respect to all five of Defendants' affirmative defenses.

**League of Women Voters of South Dakota, League of Women Voters of the United States, Susan Randall, and Kathryn Fahey**

Dated: September 8, 2022

By: /s/ *Pete Heidepriem*
One of their Attorneys

    Scott N. Heidepriem
    Pete Heidepriem
    Heidepriem, Purtell, Siegel, Hinrichs
    101 West 69th Street, Suite 105A
    Sioux Falls, SD 57108
    (605) 252-9277
    pete@hpslawfirm.com

    Michael Dockterman*
    Cara Lawson
    Amartya Bagchi*
    Azar Alexander
    Steptoe & Johnson LLP
    227 West Monroe, Suite 4700
    Chicago, IL 60606
    (312) 577-1300
    mdockterman@steptoe.com

clawson@steptoe.com
abagchi@steptoe.com
aalexander@steptoe.com

Celina Stewart
Caren E. Short
League of Women Voters
 of the United States
1233 20th Street NW, Suite 500
Washington, DC 20036
(202) 429-1965
cstewart@lwv.org
cshort@lwv.org

*Pro hac vice* applications forthcoming

4

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that on the 8th day of September 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which sent notification of such filing to all counsel of record.

                          By: _/s/ *Pete Heidepriem*_____